IN RE THE MARRIAGE OF MARILYN JOY COLE, PETI-
TIONER, AND JAMES W. COLE, RESPONDENT.

July 29, 1986.
722 P.2d 624.

ORDER AND OPINION

PER CURIAM:

A Motion for Disqualification of Judge and an Affidavit in support
thereof was filed in Hill County District Court Cause No. DR-85-
210, entitled "In Re the Marriage of Marilyn Joy Cole, Petitioner,
and James W. Cole, Respondent," on May 1, 1986. The Court has
examined and considered the same.

It appears from the affidavit filed by respondent that a pretrial set-
tlement conference was conducted in this matter on October 25,
1985, which was attended by both parties, their counsel and the Dis-
trict Judge. Thereafter, on January 30 and 31, 1986, trial was had
before the District Judge sitting without a jury. On February 5,
1986, the District Court entered its findings of fact and conclusions

of law, and on February 18, 1986, a decree of dissolution was entered. Respondent filed a notice of appeal on March 28, 1986.

In his affidavit filed on May 1, 1986, in support of the motion for disqualification of judge, respondent alleges that statements made by the District Judge at the pretrial settlement conference on October 25, 1985, leads him to believe that the judge has a personal bias and prejudice against him.

Section 3-1-802, MCA, provides in pertinent part:

"Whenever a party to any proceeding in any court makes and files a *timely* and sufficient affidavit that a judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein.

"In the case of a district judge, another district judge shall be assigned by the chief justice of the Supreme Court to hear such disqualification proceedings . . . The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and *shall be filed not less than twenty days before the original date of trial, or good cause shall be shown for failure to file it within such time . . . .*" [Emphasis added.]

In reviewing the motion for disqualification and the brief and affidavit in support thereof, we find no statement therein showing good cause for respondent's failure to file the motion in a timely manner as required by Section 3-1-802, MCA.

Respondent also argues in his motion that the District Judge should disqualify himself pursuant to this Court's opinion in *Shields v. Thunem* (Mont. 1986), [220 Mont. 449,] 716 P.2d 217, 43 St.Rep. 518. We note that in *Shields*, the judge was asked to "step down" before trial began. Here, respondent is asking the District Judge to disqualify himself three months after trial and after judgment had been entered.

IT IS ORDERED:

The motion for disqualification of judge in Hill County Cause No. DR-85-210 is denied on the grounds that the motion was not timely filed and no good cause has been shown for failure to make a timely motion.

The Clerk is directed to mail a true copy hereof to counsel of record for the respective parties, to the Clerk of the District Court of Hill County, and to the Honorable Leonard H. Langen, District Judge.

DATED this 29th day of July, 1986.

> s/J.A. Turnage, Chief Justice
> s/Fred J. Weber, Justice
> s/Frank B. Morrison, Justice
> s/John C. Sheehy, Justice
> s/L.C. Gulbrandson, Justice
> s/William E. Hunt, Justice